IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**FILED**
APR 25 2007
DAVID CREWS, CLERK
By_____ Deputy

| | | |
|---|---|---|
| GREENVILLE COMMUNICATIONS, LLC, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 4:07CV66-P.B |
| VERIZON COMMUNICATIONS INC., VODAFONE GROUP PLC, VERIZON WIRELESS, DEUTSCHE TELEKOM AG, T-MOBILE USA, INC., AT&T INC., AT&T MOBILITY, LLC, D/B/A CINGULAR WIRELESS, SPRINT NEXTEL CORPORATION, BOOST MOBILE, LLC, BOOST WORLDWIDE, INC., and ALLTEL CORPORATION, | § § § § § § § § § § § § | **JURY TRIAL DEMANDED** |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Greenville Communications, LLC ("Plaintiff" or "Greenville Communications"), by and through its undersigned counsel, files this Original Complaint against Verizon Communications Inc., Vodafone Group Plc, Verizon Wireless, Deutsche Telekom AG, T-Mobile USA, Inc., AT&T Inc., AT&T Mobility, LLC, d/b/a Cingular Wireless, Sprint Nextel Corporation, Boost Mobile, LLC, Boost Worldwide, Inc., and Alltel Corporation (collectively "Defendants") as follows:

### NATURE OF THE ACTION

1.      This is a patent infringement action to stop each Defendant's infringement of Greenville Communications' United States Patent No. 5,321,740 entitled "Telephone Marketing

System" (the "'740 patent"; a copy of which is attached hereto as Exhibit A) and United States Patent No. 5,428,670 entitled "Communications Marketing System" (the "'670 patent"; a copy of which is attached hereto as Exhibit B). Greenville Communications is the assignee of the '740 and '670 patents. Greenville Communications seeks injunctive relief and monetary damages.

## PARTIES

2. Plaintiff Greenville Communications, LLC is a limited liability company organized and existing under the laws of the State of Mississippi. Greenville Communications maintains its principal place of business at 800 Highway 1 South, Greenville, Mississippi 38701. Greenville Communications is the assignee of all rights, title, and interest in and to the '740 and '670 patents, including the right to sue for infringement and recover past damages.

3. Defendant Verizon Communications Inc. ("Verizon Communications") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 140 West Street, New York, New York 10007.

4. Defendant Vodafone Group Plc ("Vodafone") is a corporation organized and existing under the laws of England, with its principal place of business located at Vodafone House, The Connection, Newbury, Berkshire, RG14 2FN, England.

5. Defendant Verizon Wireless ("Verizon Wireless") is a joint venture between Verizon Communications and Vodafone, and is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 1 Verizon Way, Basking Ridge, New Jersey 07920. Verizon Communications, Vodafone, and Verizon Wireless are collectively referred to herein as the "Verizon Defendants."

6. Defendant Deutsche Telekom AG ("Deutsche Telekom") is a corporation organized and existing under the laws of Germany, with its principal place of business located at Friedrich-Ebert-Allee 140, D-53113, Bonn, Germany.

7. Defendant T-Mobile USA, Inc. ("T-Mobile") is a subsidiary of Deutsche Telekom, and is a corporation organizing and existing under the laws of the State of Delaware, with its principal place of business located at 12920 Southeast 38th Street, Bellevue, Washington 98006. Deutsche Telekom and T-Mobile are collectively referred to herein as the "T-Mobile Defendants."

8. Defendant AT&T Inc. ("AT&T") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 175 East Houston Street, San Antonio, Texas 78205.

9. Defendant AT&T Mobility, LLC, d/b/a Cingular Wireless ("Cingular") is a subsidiary of AT&T, and is a limited liability company organized and existing under the laws of the state of Delaware, with its principal place of business located at 5565 Glenridge Connector, Atlanta, Georgia 30342. Cingular and AT&T are collectively referred to herein as the "AT&T Defendants."

10. Defendant Sprint Nextel Corporation ("Sprint") is a corporation organized and existing under the laws of the state of Kansas, with its principal place of business located at 2001 Edmund Halley Drive, Reston, Virginia 20191.

11. Defendant Boost Mobile, LLC ("Boost Mobile") is a subsidiary of Sprint, and is limited liability company organized and existing under the laws of the State of California, with its principal place of business located at 8845 Irvine Center Drive, Irvine, California 92618.

12. Defendant Boost Worldwide, Inc. ("Boost Worldwide") is a subsidiary of Sprint, and is a corporation organized and existing under the laws of the State of Delaware, with its principal

place of business located at 2001 Edmund Halley Drive, Reston, Virginia 20191. Boost Mobile and Boost Worldwide are collectively referred to herein as the "Boost Defendants."

13. Defendant Alltel Corporation ("Alltel") is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business located at 1 Allied Drive, Little Rock, Arkansas 72202.

## JURISDICTION AND VENUE

14. This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. §§ 271, 281, 283, 284, and 285. This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

15. The Court has personal jurisdiction over each Defendant because: each Defendant has minimum contacts within the State of Mississippi and the Northern District of Mississippi; each Defendant has purposefully availed itself of the privileges of conducting business in the State of Mississippi and in the Northern District of Mississippi; each Defendant has sought protection and benefit from the laws of the State of Mississippi; each Defendant regularly conducts business within the State of Mississippi and within the Northern District of Mississippi; and Plaintiff's causes of action arise directly from Defendants' business contacts and other activities in the State of Mississippi and in the Northern District of Mississippi.

16. More specifically, upon information and belief, each Defendant, directly and/or through intermediaries, ships, distributes, offers for sale, sells, and/or advertises its products and services in the United States, the State of Mississippi, and the Northern District of Mississippi. Upon information and belief, each Defendant, through their respective ringback tones products and/or services, has committed patent infringement in the State of Mississippi and in the Northern District of Mississippi, has contributed to patent infringement in the State of Mississippi and in the

Northern District of Mississippi, and/or has induced others to commit patent infringement in the State of Mississippi and in the Northern District of Mississippi. Upon information and belief, each Defendant has purposefully and voluntarily placed one or more of its infringing products and/or services, as described in Count I below, into the stream of commerce with the expectation that it will be purchased by consumers in the State of Mississippi and in the Northern District of Mississippi. Such infringing products and/or services have been and continue to be purchased by consumers in the State of Mississippi and in the Northern District of Mississippi. Each Defendant has committed the tort of patent infringement within the State of Mississippi, and more particularly, within the Northern District of Mississippi.

17. Venue is proper in the Northern District of Mississippi pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## COUNT I – PATENT INFRINGEMENT

18. United States Patent No. 5,321,740, entitled "Telephone Marketing System," was duly and legally issued by the United States Patent and Trademark Office on June 14, 1994 after full and fair examination. Greenville Communications is the assignee of all rights, title, and interest in and to the '740 patent, and possesses all rights of recovery under the '740 patent, including the right to sue for infringement and recover past damages.

19. United States Patent No. 5,428,670, entitled "Communications Marketing System," was duly and legally issued by the United States Patent and Trademark Office on June 27, 1995 after full and fair examination. Greenville Communications is the assignee of all rights, title, and interest in and to the '670 patent, and possesses all rights of recovery under the '670 patent, including the right to sue for infringement and recover past damages.

20. Upon information and belief, the Verizon Defendants have infringed and continue to infringe the '740 and '670 patents by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, ringback tones products and/or services, including their Ringback Tones. Upon information and belief, the Verizon Defendants have also contributed to the infringement of the '740 and '670 patents, and/or actively induced others to infringe the '740 and '670 patents, in this district and elsewhere in the United States.

21. Upon information and belief, the T-Mobile Defendants have infringed and continue to infringe the '740 and '670 patents by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, ringback tones products and/or services, including their CallerTunes®. Upon information and belief, the T-Mobile Defendants have also contributed to the infringement of the '740 and '670 patents, and/or actively induced others to infringe the '740 and '670 patents, in this district and elsewhere in the United States.

22. Upon information and belief, the AT&T Defendants have infringed and continue to infringe the '740 and '670 patents by making, providing, using, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, ringback tones products and/or services, including their Answer Tones™. Upon information and belief, the AT&T Defendants have also contributed to the infringement of the '740 and '670 patents, and/or actively induced others to infringe the '740 and '670 patents, in this district and elsewhere in the United States.

23. Upon information and belief, Sprint has infringed and continues to infringe the '740 and '670 patents by making, providing, using, offering to sell, and selling (directly or through

intermediaries), in this district and elsewhere in the United States, ringback tones products and/or services, including its Call Tones. Upon information and belief, Sprint has also contributed to the infringement of the '740 and '670 patents, and/or actively induced others to infringe the '740 and '670 patents, in this district and elsewhere in the United States.

24. Upon information and belief, the Boost Defendants have infringed and continue to infringe the '740 and '670 patents by making, providing, using, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, ringback tones products and/or services, including their Call Tones. Upon information and belief, the Boost Defendants have also contributed to the infringement of the '740 and '670 patents, and/or actively induced others to infringe the '740 and '670 patents, in this district and elsewhere in the United States.

25. Upon information and belief, Alltel has infringed and continues to infringe the '740 and '670 patents by making, providing, using, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, ringback tones products and/or services, including its Axcess Ringbacks. Upon information and belief, Alltel has also contributed to the infringement of the '740 and '670 patents, and/or actively induced others to infringe the '740 and '670 patents, in this district and elsewhere in the United States.

26. Each Defendant's aforesaid activities have been without authority and/or license from Greenville Communications.

27. Greenville Communications is entitled to recover from the Defendants the damages sustained by Greenville Communications as a result of the Defendants' wrongful acts in an amount subject to proof at trial.

28.  Upon information and belief, each Defendant's infringement of the '740 and '670 patents is willful and deliberate. Upon information and belief, each Defendant's inducement and contributory infringement of the '740 and '670 patents is willful and deliberate. As a result, Greenville Communications is entitled to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

29.  Defendants' infringement of Greenville Communications' exclusive rights under the '740 and '670 patents will continue to damage Greenville Communications, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## JURY DEMAND

30.  Plaintiff demands a trial by jury on all issues.

## PRAYER FOR RELIEF

Plaintiff Greenville Communications, LLC respectfully requests the following relief:

A.  An adjudication that the Defendants have infringed and continue to infringe claims of the '740 and '670 patents;

B.  An award to Greenville Communications of damages adequate to compensate Greenville Communications for the Defendants' acts of infringement together with prejudgment interest;

C.  An award of Greenville Communications' enhanced damages, up to and including trebling of Greenville Communications' damages pursuant to 35 U.S.C. § 284, for the Defendants' willful infringement;

D.  An award of Greenville Communications' costs of suit and reasonable attorneys' fees pursuant to 35 U.S.C. § 285 due to the exceptional nature of this case, or as otherwise permitted by law;

E.  A grant of permanent injunction pursuant to 35 U.S.C. § 283, enjoining the Defendants from further acts of (1) infringement, (2) contributory infringement, and (3) actively inducing infringement with respect to the claims of the '740 and '670 patents; and

F.  Any further relief that this Court deems just and proper.

**RESPECTFULLY SUBMITTED** on this _25th_ day of April, 2007.

                      GREENVILLE
                      COMMUNICATIONS, LLC, Plaintiff

By: _/s/ S. Todd Jeffreys_

                      S. TODD JEFFREYS
                      State Bar No. 100042
                      E-mail: stjeffreys@bellsouth.net
                      **POVALL & JEFFREYS, P.A.**
                      215 North Pearman Avenue
                      P. O. Drawer 1199
                      Cleveland, Mississippi 38732
                      Telephone: (662) 843-9948
                      Facsimile: (662) 843-9957

**OF COUNSEL:**

| | |
|---|---|
| John F. Ward, Esq.<br>E-mail: wardj@wardolivo.com<br>John W. Olivo, Jr., Esq.<br>E-mail: olivoj@wardolivo.com<br>David M. Hill, Esq.<br>E-mail: hilld@wardolivo.com<br>**WARD & OLIVO**<br>708 Third Avenue<br>New York, New York 10017<br>Telephone: (212) 697-6262<br>Facsimile: (212) 972-5866 | Richard F. Scruggs, Esq.<br>State Bar No. 6582<br>E-mail: dickscruggs@scruggsfirm.com<br>David Zachary Scruggs, Esq.<br>State Bar No. 100011<br>E-mail: zachscruggs@scruggsfirm.com<br>David Shelton, Esq.<br>State Bar No. 99675<br>E-mail: davidshelton@scruggsfirm.com<br>**SCRUGGS LAW FIRM, P.A.**<br>120A Courthouse Square<br>P. O. Box 1136<br>Oxford, Mississippi 38655<br>Telephone: (662) 281-1212<br>Facsimile: (662) 281-1312<br><br>**ATTORNEYS FOR PLAINTIFF,<br>GREENVILLE<br>COMMUNICATIONS, LLC** |